## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                        CRIMINAL ACTION NO.  2:16-cr-00030

JEROME ANTHONY SMITH,

        Defendant.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Letter-Form Motion for Compassionate Release* (Document 67), wherein the Defendant requests release from incarceration due to his underlying health issues which he believes put him at a high risk for mortality if he were to contract the coronavirus.  For the reasons stated herein, the Court finds that the motion should be denied.

On February 10, 2016, the Defendant was charged with knowingly and intentionally distributing a quantity of heroin.  He pled guilty to that charge on March 10, 2016.  The Defendant had two prior felony controlled substance convictions.  As a career offender, his calculated guideline sentencing range was 151 to 188 months, and on August 21, 2017, he was sentenced below the applicable advisory guideline range to 100 months of imprisonment, followed by three years of supervised release.

The Defendant brings the current motion, arguing that he is obese and has diabetes, and that those underlying conditions increase the risk of complications or mortality if he were exposed to the coronavirus.  The Defendant also indicates that he is eligible for home detention in seven

months.  He alleges that he exhausted his administrative remedies with the Bureau of Prisons and that further appeals would be futile.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ."  18 U.S.C. § 3582(c)(1)(A).  If such circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* at § 3582(c)(1)(A)(i).

The applicable § 3553(a) factors do not warrant relief in this case.  The Defendant was sentenced to 100 months of incarceration on August 21, 2017.  He was initially incarcerated for the offense at the end of 2015.  Therefore, the Defendant has served approximately four and a half years of the imposed sentence of almost eight years of incarceration.  To relieve the Defendant of almost half of his imposed sentence based on these facts would constitute an unwarranted sentencing disparity among similarly situated defendants facing similar conditions of confinement.  Moreover, there is no current outbreak of the coronavirus at the facility where the Defendant is incarcerated.  The Court has also given consideration to the nature and circumstances of the offense, the history and characteristics of the Defendant, the need for the sentence imposed to promote respect for the law, as well as the applicable sentencing range, and finds that the § 3553(a) factors do not weigh in favor of the Defendant's release in this case.  Specifically, given the facts

presented, and upon review of the § 3553(a) factors, there are no extraordinary or compelling reasons to grant the requested relief.

Wherefore, after careful consideration, the Court **ORDERS** that the *Letter-Form Motion for Compassionate Release* (Document 67) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    August 28, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

3